IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 22, 2003

## STATE OF TENNESSEE v. DONALD P. WILCOX

**Appeal from the Criminal Court for Sullivan County**
**No. S45,186     R. Jerry Beck, Judge**

---

**No. E2002-01229-CCA-R3-CD**
**February 28, 2003**

---

The defendant, Donald P. Wilcox, appeals the Sullivan County Criminal Court's denial of his request for probation for his guilty pleas to violating a habitual traffic offender order, a Class E felony; violating the registration law, a Class C misdemeanor; and possession of alprazolam pills, marijuana, and drug paraphernalia, Class A misdemeanors. We affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and NORMA MCGEE OGLE, JJ., joined.

John D. Parker, Jr., Kingsport, Tennessee, for the appellant, Donald P. Wilcox.

Paul G. Summers, Attorney General and Reporter; Angele M. Gregory, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and B. Todd Martin, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant pled guilty to the charges pursuant to a plea agreement and received an effective two-year sentence as a Range I, standard offender. The issue of alternative sentencing was left for the trial court to decide. At the defendant's guilty plea hearing, the state presented the following factual account of the crimes: About 9:00 a.m. on January 5, 2001, a Kingsport police officer saw the defendant driving a red Ford Escort with an expired license tag. The officer stopped the defendant, ran a driver's license check, and discovered that a habitual traffic offender order was in effect against him. The officer searched the defendant and the Escort and found marijuana seeds, a marijuana cigarette, and alprazolam pills.

At the sentencing hearing, the defendant acknowledged that he had a lengthy criminal record and said that he thought he had spent enough time in jail. He said that he had a wife and a six-year-old child to support and that his wife had cancer. He said he was a carpenter and had a full-time job.

He acknowledged that he was sorry for committing the offenses in question and claimed that he was tired, that the system had caught up with him, and that he was through committing crimes. He said that he had been on work release before and that he had not missed work or gotten in trouble while participating in that program. On cross-examination, he said he had to drive to work on the morning of January 5 because his wife was sick. He said he entered the Marines in 1973, served three and one-half years, and was honorably discharged.

The defendant's presentence report shows that the then forty-six-year-old defendant completed the eleventh grade and dropped out of high school. The report reflects that the defendant said he started drinking alcohol when he was sixteen and started smoking marijuana in 1977. He said he had also used cocaine, amphetamines, and barbiturates. He said he no longer drank and stopped using marijuana in 2001. The defendant also stated he completed an alcohol and drug dependency program at Woodridge Hospital in 1993. The defendant's prior criminal record lists seven pages of misdemeanor convictions, including simple assault, evading arrest, reckless driving, possession of Schedule VI drugs, possession of drug paraphernalia, and public intoxication. According to the defendant's prior record, he began committing crimes when he was twenty years old and has violated probation twice.

The trial court noted that the defendant was presumed to be a favorable candidate for alternative sentencing. See Tenn. Code Ann. § 40-35-102(6). However, it denied the defendant's request for an alternative sentence, stating,

> All right, that would be a favorable factor, military service, war time. The defendant has an eleventh grade education. He dropped out. He is a carpenter, does attempt to work when he is not in jail. Outside of that, . . . I tried to count the cases, there's some dismissed cases or dismissed----no results shown. I'll not consider those. But even taking those away, the record is just too much, Mr. Wilcox, to put you on probation again. You have been on probation a bunch of times before. You just have too much record. I think you might have recognized that. So, I am going to deny probation, all types and forms.

The defendant claims that the trial court erred by denying his request for probation because this is the first time he has been convicted of a felony. He contends that the trial court should have sentenced him to probation because he has demonstrated that he has changed his attitude and has been honest and cooperative with his probation officer. The state argues that given the defendant's extensive criminal history and probation violations, the trial court properly denied his request for probation. We agree with the state.

When a defendant appeals the manner of service of a sentence imposed by the trial court, this court conducts a de novo review of the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d). However, the presumption of

correctness is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden is on the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

When determining if incarceration is appropriate, a trial court should consider that (1) confinement is needed to protect society by restraining a defendant who has a long history of criminal conduct, (2) confinement is needed to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to people likely to commit similar offenses, or (3) less restrictive measures than confinement have frequently or recently been applied unsuccessfully to the defendant. Ashby, 823 S.W.2d at 169 (citing Tenn. Code Ann. § 40-35-103(1)(A)-(C)). The trial court may also consider the mitigating and enhancing factors set forth in Tenn. Code Ann. §§ 40-35-113 and -114. Tenn. Code Ann. § 40-35-210(b)(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). Additionally, a trial court should consider a defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. Tenn. Code Ann.§ 40-35-103(5); Boston, 938 S.W.2d at 438. In conducting a de novo review, we must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on his own behalf, and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210; see Ashby, 823 S.W.2d at 168.

We conclude that the trial court did not err in ordering the defendant to serve his entire sentence in confinement. The defendant has an extensive criminal record and has violated his probation before. Despite the defendant's contention that he has changed his attitude, he has continued to commit crimes, being convicted of the five offenses in question. Moreover, although the defendant received treatment for his drug and alcohol addiction in 1993, his criminal record reveals that he has had multiple convictions for possession of drugs and drug paraphernalia since that time. The record demonstrates that the defendant's previous sentences involving release into the community have been unsuccessful and that the defendant does not reflect a high potential for rehabilitation. Ample evidence exists to support the defendant's sentence of confinement.

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, JUDGE